Ehrlich, J.
Plaintiff appeals from a judgment of non-suit. The record shows that on July 6, 1885, plaintiff purchased a ticket from New York to Boston, and also a check for lower berth No. 10 in the sleeping car “Boston,” which car, it is admitted, was owned by defendant; he entered the car at 10:30 p. M., gave up both tickets to the porter, the only person he saw in charge, and immediately retired for the mght, placing his vest, the inside pocket of which contained forty dollars, under the pillow nearest the window of the car, on which pillow his head rested. The train stopped as usual at several intermediate stations during the night, at one of which a fellow passenger, who occupied upper berth No. 10, left the car. Plaintiff did not awake till morning, when he discovered that his vest had been removed from under the pillow, and the forty dollars had been stolen therefrom. He immediately called the porter, notified him of the loss, and at the trial offered to prove declarations of the porter which would tend to show negligence on his part, which declarations were excluded. It appears also that the car was so constructed that a person standing at one end of the car in the passageway between the berths, could command a view of the whole, but to one standing out of the passageway the view would be obstructed. During the night some one blackened plaintiff’s boots, for which service he paid the porter. The foregoing includes all the facts and circumstances from which plaintiff claims a prima facie case against defendant was made out. The learned chief justice, before whom the cause was tried, held that the evidence was not sufficient to carry the case to a jury.
We are now called upon to review the legal questions involved in the case. The briefs submitted by the respective counsel on éither side are very able and exhaustive. In actions of this kind, however, involving questions of alleged negligence, the citation of authorities is valuable chiefly as an aid to the court in settling legal principles; the duty will still remain of applying those principles to the precise facts and peculiar circumstance of each individual case.
The complaint alleges that defendant “operated a line of sleeping cars” and “was a common carrier for hire of passengers, together with a reasonable, amount of their clothing, money and personal effects;” the answer specifically *720 denies this allegation, and no sufficient proof was offered to establish it. The admission that the car occupied by plaintiff was owned by defendant does not reach so far; plaintiff declares that he purchased a ticket over the New York and New Haven line, and also a sleeping car ticket; this alone is not enough to establish the controverted averment that defendant operated the entire train as a common carrier of passengers and their personal effects.
Having failed to establish that defendant is liable as a common carrier, the first point of appellant’s counsel, founded upon that theory, is disposed of; the remaining question is whether any legal evidence upon which negligence can be predicated was given or offered at the trial.
The fact of negligence need not be established by direct proof; sometimes it may be inferred from the circum stances under which an injury is sustained; in the latter case, however, the circumstances must lead directly and naturally to the inference of negligence; neither court nor jury must be allowed to base a verdict or judgment upon a chain of inferences merely, assuming that each inference is equivalent to the fact inferred therefrom.
In the case at bar, the fact appears that a porter at one end of the car, standing in the passageway, could command a view of all the berths; but the passengers being hidden by curtains, and a stranger occupying the upper portion of the section assigned to plaintiff, -it does not follow that any watchfulness, apart from constant intrusion upon the privacy of the passengers, immunity from which is a part of defendant’s obligation to them, could have detected a theft so skillful as that narrated by plaintiff.
The only ground of error here assigned is that the jury were not allowed to infer from the fact that, if wakeful and watchful, the porter could have kept in view the ex terior lines of all the berths, the further inference that he would also have been able to detect a thief behind the curtains, and that he did not watch, because he did not detect it.
We think that on this point no error was committed by the court below.
If a thief could remove a vest from under the pillow upon which plaintiff’s head rested without disturbing his slumber, an inference might with equal fairness be drawn that a vigilant watcher, stationed at some little distance, would not have his attention called to the noise which would be deadened by the intervening curtains and confused with the sound of the moving train.
The difficulty with plaintiff’s case at this point is that both parties contemplated and understood that defendant’s servant should not watch tho person and clothing of plaint *721 iff while asleep, but that plaintiff should enjoy the seclusion of the lower berth, both parties also understanding and •agreeing that a fellow passenger might occupy the upper berth, and that both alike should be shielded from all observation behind the same curtain.
The question of defendant’s negligence must be considered with reference to these admitted facts. If the facts proved had pointed clearly and decidedly to the inference that the thief had entered plaintiff’s berth from the outside, it might, with propriety, be held that such inference wpuld warrant a verdict of negligence, because to watch the passageway and protect all passengers from such intrusion into their berths was the duty of defendant.
The same result might follow if the facts proved indicated plainly that the theft was attended with such noise or commotion as would attract the attention of a vigilant watcher stationed at the end of the passageway, but the proof adduced by plaintiff that the larceny was committed in such a way as to require the close proximity of the thief to his person for a considerable period, without awaking him, fairly negatives such a presumption.
There is nothing .in the case from which the court can see or the jury might lawfully infer that there was any unusual displacement or violent disarrangement of the curtains, or that the theft could not have been committed without some occurrence likely to reach the eye or ear of a vigilant watcher stationed at the end of the car.
We do not feel called upon'to hold that defendant’s duty to the occupants of its berth requires that its servants shall look, behind the curtains, which afford seclusion to the sleeping passengers, every time a movement of the curtains takes place sufficient to indicate that some one is in contact therewith.
The fact that plaintiff saw only one attendant in the car does not raise any necessary or reasonable presumption of negligence; assuming that one only was employed by defendant, still the evidence tended to show that the single servant, if faithful and diligent, could watch the whole car-from the end of the passageway, and thus completely discharge the duty of defendant to its guests.
The only remaining circumstance proved is the blackening of plaintiff’s boots during the night, and the paying of the porter therefor. The first inference is that the porter performed that service; but to reach a prima facia case of negligence from this fact alone we would be compelled to lean upon the further inference that while he was thus engaged, he must have neglected his duty of watching the passageway, and the visible portion of the berths on either *722 side; this second inference cannot with legal certainty bo. drawn from the single fact which, by the first inference, may be deemed established.
The conclusion is that from the facts proved a prima facie case of negligence was not shown. But appellant offered and attempted to prove the declarations of the porter, made after the theft had been accomplished, but before the journey was ended. If these declarations-were competent as admissions of negligence, the judgment should bo reversed. Authorities cited by appellant’s counsel show that courts of high rank in other states have admitted such declarations under similar circumstances. Still, we are satisfied that upon principle, the testimony offered was properly excluded. It would be of little avail to attempt to reconcile the language of the numerous decisions, or formulate any rule of universal application. It may be stated generally, however, that admissions of a party are always evidence against himself; admissions of an agent as admissions simply are never evidence against the principal, except upon the theory of an authority, express or implied, to ■make such admissions.
In the case at bar, it appears to be conceded that the sole purpose of the evidence offered and excluded was to prove admissions against defendant.
It is indeed established that the acts of an agent in the line of his duty may amount to an admission against the principal, and proof of such acts may be received in evidence; so, toó; may his declarations when accompanying the acts and part of the res gestae, and not otherwise; but when the fact to be proved is the past act of the agent and the declaration of the agent refers only to the past act, and is relied on as an admission of the principal to prove the same, such declaration is not evidence against the principal, unless it was made in discharge of a duty which from the terms of his employment he owed directly to his principal at the time of such declaraction.
Here the duty of the porter toward defendant was to watch the car during the night; it was not in discharge of any duty to defendant arising from his employment, and existing when he made the declaration, that he should narrate to plaintiff what he had done during the night.
Some of the cases cited by appellant’s counsel contain evidence of other facto or circumstances slight in themselves, and.yet sufficient in view of all the the facts to authorize a submission to the jury.
The case at bar comes near to the border line between those reaching, and those falling short of a prima facie case; but, upon the whole, we are constrained to hold with *723 the court below, and must, therefore, order an affirmance of the judgment appealed from.
Hat.t, and Hyatt, JJ., concur.